UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON BLOUNT,<br><br>                            Plaintiff,<br><br>v.<br><br>ANDREW SAUL, COMMISSIONER OF SOCIAL SECURITY,<br><br>                            Defendant. | Case No.:  21-cv-0679-BLM<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S AMENDED APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING OF FEES OR COSTS AND DISMISSING AMENDED COMPLAINT WITH LEAVE TO AMEND**<br><br>**[ECF No. 7]** |

The instant case was initiated on April 16, 2021 when Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) of the Social Security Act ("Act") seeking judicial review of the administrative decision of the Commissioner of the Social Security Administration ("Defendant" or "Commission"), which denied Plaintiff's application for the supplemental security income ("SSI") benefits.  ECF No. 1.  That same day, Plaintiff filed an Application to Proceed in District Court without Prepaying Fees or Costs.  ECF No. 2.

On April 21, 2021, the Court issued an Order Denying Without Prejudice Plaintiff's Application to Proceed in District Court Without Prepaying of Fees or Costs and Dismissing Complaint with Leave to Amend.  ECF No. 5.  The Court stated that it denied Plaintiff's request to proceed *in forma pauperis* ("IFP") because Plaintiff did not establish that he was unable to

pay the $400 filing fee. The Court identified specific questions that Plaintiff failed to answer and specific information that Plaintiff failed to provide. Id. at 3. The Court explained that it needed the missing information to determine whether Plaintiff was entitled to IFP status and advised Plaintiff that if he amended his Application he should answer all of the application's questions in accordance with the instructions. Id. at 3. Similarly, the Court told Plaintiff that his complaint was dismissed because he failed to satisfy the first of four elements necessary for a complaint to survive a *sua sponte* screening. Id. at 4-5; see also Skylar v. Saul, 2019 WL 4039650, *1 (S.D. Cal. Aug. 27, 2019). Specifically, Plaintiff failed to establish that he exhausted his administrative remedies pursuant to 42 U.S.C. § 405(g) and that this civil action was commenced within sixty days after notice of a final decision from the Commissioner. See ECF No. 5 at 5.

On November 8, 2021, Plaintiff filed a new complaint and a new Application to Proceed in District Court without Prepaying Fees or Costs. See Case No. 21-cv-1889-JLB. On December 14, 2021, Judge Burkhardt transferred Plaintiff's filings to the original case. Id. at ECF No. 4. The Court is interpreting the new filings as amended pleadings in the original case. See Case No. 21-cv-0679-BLM at ECF Nos. 6 & 7. The Court has reviewed the amended application and complaint and finds Plaintiff did not correct the errors identified by the Court in its April 21, 2021 order. Accordingly, for the reasons set forth below, Plaintiff's amended Application to Proceed in District Court without Prepaying Fees or Costs is **DENIED WITHOUT PREJUDICE**, and the amended complaint is **DISMISSED WITH LEAVE TO AMEND**.

### Application to Proceed in District Court without Prepaying Fees or Costs

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee. 28 U.S.C. § 1915(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if she is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a), which states:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding ... without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or

give security therefor.

The determination of indigency falls within the district court's discretion. <u>California Men's Colony v. Rowland</u>, 939 F.2d 854, 858 (9th Cir. 1991), reversed on other grounds by, 506 U.S. 194 (1993) ("Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency."). It is well-settled that a party need not be completely destitute to proceed IFP. <u>Adkins v. E.I. DuPont de Nemours & Co.</u>, 335 U.S. 331, 339-40 (1948). To satisfy the requirements of 28 U.S.C. § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for costs ... and still be able to provide for himself and dependents with the necessities of life." <u>Id.</u> at 339. At the same time, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, ... the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." <u>Temple v. Ellerthorpe</u>, 586 F. Supp. 848, 850 (D.R.I. 1984). District courts tend to reject IFP applications where the applicant can pay the filing fee with acceptable sacrifice to other expenses. <u>See</u>, e.g., <u>Allen v. Kelley</u>, 1995 WL 396860, at *2 (N.D. Cal. 1995) (Plaintiff initially permitted to proceed IFP, later required to pay $ 120 filing fee out of $ 900 settlement proceeds); <u>Ali v. Cuyler</u>, 547 F. Supp. 129, 130 (E.D. Pa. 1982) (IFP application denied because the plaintiff possessed savings of $ 450 and that was more than sufficient to pay the $60 filing fee). Moreover, the facts as to the affiant's poverty must be stated "with some particularity, definiteness, and certainty." <u>United States v. McQuade</u>, 647 F.2d 938, 940 (9th Cir. 1981).

Plaintiff has not satisfied his burden of demonstrating that he is entitled to IFP status. Initially, the Court notes that Plaintiff did not sign and date the affidavit, so Plaintiff's financial information is not provided under the penalty of perjury as required. <u>See</u> ECF No. 6 at 1. Second, Plaintiff did not answer all of the questions contained in the application. <u>Id.</u> at 1-5. In fact, Plaintiff answered fewer questions and provided less financial information in his amended application than he did in his original application. <u>Compare</u> Case No. 21-cv-0679-BLM, ECF No. 2, <u>with</u> Case No. 21-cv-1889-JLB, ECF No. 2. This is precisely the error identified in the Court's

April 12, 2021 order and Plaintiff did not correct it. ECF No. 5 at 3. In the amended application, Plaintiff states he is employed, making $312.00 per month, receives $430.00 in CalFresh benefits, and has two dependent children but does not state whether he is married, whether the children live with him, and whether he receives (or pays) child support or alimony. ECF No. 6 at 1-9. If Plaintiff is married, he has not provided any of the required information regarding his spouse's assets. Id. While Plaintiff's amended application added banking information ($43.57 in a Navy Fed account), it omits almost all of the information regarding his living expenses. See Id. at 2-4. Despite the Court's prior order, Plaintiff does not provide any information regarding whether he owns a car or home, whether he pays rent, a mortgage, or his utilities, and whether he has other expenses such as food, medical, or transportation. Id. at 4. Plaintiff merely states that he pays $135 per month for motor vehicle insurance. Id. The information provided in the amended application is insufficient and the Court is unable to evaluate Plaintiff's financial situation. Accordingly, the Court finds that Plaintiff has not established that he is unable to pay the $400 filing fee and **DENIES** without prejudice Plaintiff's amended application to proceed IFP. If Plaintiff files a Second Amended Application, he must sign the affidavit on page 1 of the application and he must answer all questions in accordance with the instructions set forth on the first page of the form.

**SUA SPONTE SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2) and § 1915(a)**

Complaints filed by any person proceeding IFP pursuant to 28 U.S.C. § 1915(a) are subject to a mandatory *sua sponte* screening by the Court. Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000); see also Alamar v. Social Security, 2019 WL1258846, at *3 (S.D. Cal. Mar. 19, 2019). A complaint should be dismissed *sua sponte* if it is (1) "frivolous or malicious;" (2) "fails to state a claim on which relief may be granted;" or (3) "seeks monetary relief against a defendant who is immune from such relief." See 28 U.S.C. § 1915(e)(2); Lopez, 203 F.3d at 1126–27.

To survive, all complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an

unadorned, the-defendant-unlawfully-harmed-me-accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Furthermore, "recitals of elements of a cause of action, supported by mere conclusory statements do not suffice." Id.  Instead, the plaintiff must state a claim that is plausible on its face, meaning "the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (2009) (quoting Twombly, 550 U.S. at 556, 570)). "When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.  Social security appeals are not exempt from the general screening requirements for IFP cases proceeding under § 1915(e). Montoya v. Colvin, 2016 WL 890922, at *2 (D. Nev. Mar. 8, 2016) (citing Hoagland v. Astrue, 2012 WL 2521753, *1 (E.D. Cal. June 28, 2012)).

In the context of a social security appeal, courts within the Ninth District have established four elements necessary for a complaint to survive a *sua sponte* screening:

> First, the plaintiff must establish that she has exhausted her administrative remedies pursuant to 42 U.S.C. § 405(g), and that the civil action was commenced within sixty days after notice of a final decision. Second, the complaint must indicate the judicial district in which the plaintiff resides. Third, the complaint must state the nature of the plaintiff's disability and when the plaintiff claims she became disabled. Fourth, the complaint must contain a plain, short, and concise statement identifying the nature of the plaintiff's disagreement with the determination made by the Social Security Administration and show that the plaintiff is entitled to relief.

Skylar, 2019 WL 4039650 at *1 (quoting Montoya, 2016 WL 890922 at *2).  With regard to element four, a complaint is insufficient if it merely states that the Commissioner was wrong in denying a plaintiff benefits. See id.; see also Hoagland, 2012 WL 2521753 at *3 ("Every plaintiff appealing an adverse decision of the Commissioner believes that the Commissioner was wrong. The purpose of the complaint is to briefly and plainly allege facts supporting the legal conclusion that the Commissioner's decision was wrong.").  Instead, the "complaint . . . must set forth a brief statement of facts setting forth the reasons why the Commissioner's decision was wrong." Id. at *2.

Plaintiff's amended complaint is almost identical to Plaintiff's original complaint. Compare Case No. 21-cv-0679-BLM, ECF No. 1, with Case No. 21-cv-1889-JLB, ECF No. 1. In its April 21, 2021 order, the Court found that Plaintiff had satisfied elements two, three, and four, and directed Plaintiff to amend his complaint to show that he exhausted his administrative remedies pursuant to 42 U.S.C. § 405(g) and that this civil action was commended within sixty days after notice of a final decision from the Commissioner. ECF No. 5 at 5. Plaintiff did not correct this error in his amended complaint. ECF No. 7. This is a critical error that Plaintiff must fix. In addition, Plaintiff's amended complaint does not include his name and address on the first page, which prevents the Court from finding that Plaintiff has satisfied the second element by stating that Plaintiff resides within the jurisdictional boundaries of this Court in San Diego, California. See Id.

Accordingly, Plaintiff's amended complaint is **DISMISSED WITH LEAVE TO AMEND**. If Plaintiff files a Second Amended Complaint, he must add information establishing that (1) he exhausted his administrative remedies pursuant to 42 U.S.C § 405(g), (2) this civil action was commenced within sixty days after notice of a final decision from the Commissioner, and (3) he lives within the Southern District of California.

## CONCLUSION

In accordance with the foregoing, the Court **DISMISSES** Plaintiff's amended complaint with leave to amend and **DENIES** Plaintiff's amended IFP Application. If Plaintiff elects to file a Second Amended Complaint, he must do so by **January 28, 2022**. The new complaint must be entitled Second Amended Complaint and must be filed in Civil Case No. 21-cv-0679-BLM. The Second Amended Complaint must correct the errors identified in this order. In addition, Plaintiff must file a Second Amended Application to Proceed in District Court Without Prepaying of Fees or Costs or pay the applicable filing fee when the Second Amended Complaint is filed, and no later than **January 28, 2022**. If Plaintiff files a Second Amended Application to Proceed in District Court Without Prepaying of Fees or Costs, he must sign the affidavit on page 1 and answer all of the questions in the application.

///

The instant case is **DISMISSED**. To have the case reopened, Plaintiff must, no later than **January 28, 2022** (1) file a Second Amended Complaint which corrects the errors identified in this order, and (2) pay the filing fee or file a Second Amended Application that corrects the errors identified in this order.

**IT IS SO ORDERED**.

Dated: 12/21/2021

Hon. Barbara L. Major
United States Magistrate Judge