UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON BLOUNT,<br><br>                                          Plaintiff,<br><br>v.<br><br>ANDREW SAUL, COMMISSIONER OF SOCIAL SECURITY,<br><br>                                          Defendant. | Case No.:  21-cv-0679-BLM<br><br>**ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING OF FEES OR COSTS, DISMISSING PLAINTIFF'S SECOND AMENDED COMPLAINT WITH LEAVE TO AMEND, AND DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**[ECF Nos. 10 & 11]** |

The instant case was initiated on April 16, 2021 when Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) of the Social Security Act ("Act") seeking judicial review of the administrative decision of the Commissioner of the Social Security Administration ("Defendant" or "Commission"), which denied Plaintiff's application for the supplemental security income ("SSI") benefits.  ECF No. 1.  That same day, Plaintiff filed an Application to Proceed in District Court without Prepaying Fees or Costs.  ECF No. 2.

1

On April 21, 2021, the Court issued an Order Denying Without Prejudice Plaintiff's Application to Proceed in District Court Without Prepaying of Fees or Costs and Dismissing Complaint with Leave to Amend. ECF No. 5. The Court denied Plaintiff's request to proceed *in forma pauperis* ("IFP") because Plaintiff did not establish that he was unable to pay the $400 filing fee. See Id. In doing so, the Court identified specific questions that Plaintiff failed to answer and specific information that Plaintiff failed to provide. Id. at 3. The Court explained that it needed the missing information to determine whether Plaintiff was entitled to IFP status and advised Plaintiff that if he amended his Application he should answer all of the application's questions in accordance with the instructions. Id. at 3. Similarly, the Court told Plaintiff that his complaint was dismissed because he failed to satisfy the first of four elements necessary for a complaint to survive a *sua sponte* screening. Id. at 4-5; see also Skylar v. Saul, 2019 WL 4039650, *1 (S.D. Cal. Aug. 27, 2019). Specifically, Plaintiff failed to establish that he exhausted his administrative remedies pursuant to 42 U.S.C. § 405(g) and that this civil action was commenced within sixty days after notice of a final decision from the Commissioner. See ECF No. 5 at 5.

On November 8, 2021, Plaintiff filed an amended complaint and a second Application to Proceed in District Court without Prepaying Fees or Costs. See Case No. 21-cv-1889-JLB. On December 14, 2021, Judge Burkhardt transferred Plaintiff's filings to the original case. Id. at ECF No. 4. The Court interpreted those filings as amended pleadings in the original case. See Case No. 21-cv-0679-BLM at ECF Nos. 6 & 7. After reviewing the amended application and complaint, the Court found that Plaintiff failed to correct the errors identified by the Court in its April 21, 2021 order. ECF No. 8. As a result, the Court denied Plaintiff's amended Application to Proceed in District Court without Prepaying Fees or Costs without prejudice and dismissed Plaintiff's amended complaint with leave to amend. Id.

On January 28, 2022, Plaintiff filed a Second Amended Complaint and a new Application to Proceed in District Court without Prepaying Fees or Costs. See ECF Nos. 9 & 10. Plaintiff also filed a Motion to Appoint Counsel. ECF No. 11. For the reasons set forth below, Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs is **GRANTED**, Plaintiff's

Second Amended Complaint is **DISMISSED WITH LEAVE TO AMEND**, and Plaintiff's motion to appoint counsel is **DENIED**.

### Application to Proceed in District Court without Prepaying Fees or Costs

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee. 28 U.S.C. § 1915(a).  An action may proceed despite a plaintiff's failure to prepay the entire fee only if she is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a), which states:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding ... without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor.

The determination of indigency falls within the district court's discretion. California Men's Colony v. Rowland, 939 F.2d 854, 858 (9th Cir. 1991), reversed on other grounds by, 506 U.S. 194 (1993) ("Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency.").  It is well-settled that a party need not be completely destitute to proceed IFP. Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339-40 (1948).  To satisfy the requirements of 28 U.S.C. § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for costs ... and still be able to provide for himself and dependents with the necessities of life." Id. at 339.  At the same time, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, ... the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." Temple v. Ellerthorpe, 586 F. Supp. 848, 850 (D.R.I. 1984).  District courts tend to reject IFP applications where the applicant can pay the filing fee with acceptable sacrifice to other expenses. See, e.g., Allen v. Kelley, 1995 WL 396860, at *2 (N.D. Cal. 1995) (Plaintiff initially permitted to proceed IFP, later required to pay $ 120 filing fee out of $ 900 settlement proceeds); Ali v. Cuyler, 547 F. Supp. 129, 130 (E.D. Pa. 1982) (IFP application denied because

the plaintiff possessed savings of $ 450 and that was more than sufficient to pay the $60 filing fee). Moreover, the facts as to the affiant's poverty must be stated "with some particularity, definiteness, and certainty." United States v. McQuade, 647 F.2d 938, 940 (9th Cir. 1981).

Plaintiff has satisfied his burden of demonstrating that he is entitled to IFP status. The Court again notes that Plaintiff did not sign and date the affidavit in support of his application for IFP status and did not provide all of the requested financial information. See ECF No. 10 at 1-5. However, Plaintiff submitted an affidavit with his motion for appointment of counsel that was signed under the penalty of perjury and provides the relevant and necessary financial information. ECF No. 11 at 4-6. The Court will consider this document in evaluating Plaintiff's IFP request.

Plaintiff states he is employed, making $315.00 per month, and that he earned approximately $2,980-$3,200 in the last twelve months. ECF No. 10 at 1; see also ECF No. 11 at 4. Plaintiff is "currently on CA Snap/EBT", but does not include the value of the benefits he receives. ECF No. 10 at 5. Plaintiff has two dependent children, is single, and his children depend entirely on him for financial support. ECF No. 10 at 1-5; see also ECF No. 11 at 6. Plaintiff has $43.57 in a Navy Fed bank account and receives some financial assistance from his brother. ECF No. 10 at 2; see also ECF No. 11 at 5. Plaintiff's identified monthly expenses include $300 for rent, $170 for his phone, and $135 for motor vehicle insurance. ECF No. 11 at 6; see also ECF No. 10 at 4. Plaintiff does not own any interest in any real estate, automobiles, or other vehicles, boats, stocks, bond, notes, or any other valuable property. ECF No. 11 at 5.

Accordingly, the Court finds that Plaintiff has established that he is unable to pay the $400 filing fee without impairing his ability to pay for life's necessities. See Adkins, 335 U.S. at 339–40. The Court therefore **GRANTS** Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs.

**SUA SPONTE SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2) and § 1915(a)**

Complaints filed by any person proceeding IFP pursuant to 28 U.S.C. § 1915(a) are subject to a mandatory *sua sponte* screening by the Court. Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000); see also Alamar v. Social Security, 2019 WL1258846, at *3 (S.D. Cal. Mar.

19, 2019). A complaint should be dismissed *sua sponte* if it is (1) "frivolous or malicious;" (2) "fails to state a claim on which relief may be granted;" or (3) "seeks monetary relief against a defendant who is immune from such relief." See 28 U.S.C. § 1915(e)(2); Lopez, 203 F.3d at 1126–27.

To survive, all complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Furthermore, "recitals of elements of a cause of action, supported by mere conclusory statements do not suffice." Id. Instead, the plaintiff must state a claim that is plausible on its face, meaning "the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (2009) (quoting Twombly, 550 U.S. at 556, 570)). "When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679. Social security appeals are not exempt from the general screening requirements for IFP cases proceeding under § 1915(e). Montoya v. Colvin, 2016 WL 890922, at *2 (D. Nev. Mar. 8, 2016) (citing Hoagland v. Astrue, 2012 WL 2521753, *1 (E.D. Cal. June 28, 2012)).

In the context of a social security appeal, courts within the Ninth District have established four elements necessary for a complaint to survive a *sua sponte* screening:

> First, the plaintiff must establish that she has exhausted her administrative remedies pursuant to 42 U.S.C. § 405(g), and that the civil action was commenced within sixty days after notice of a final decision. Second, the complaint must indicate the judicial district in which the plaintiff resides. Third, the complaint must state the nature of the plaintiff's disability and when the plaintiff claims she became disabled. Fourth, the complaint must contain a plain, short, and concise statement identifying the nature of the plaintiff's disagreement with the determination made by the Social Security Administration and show that the plaintiff is entitled to relief.

Skylar, 2019 WL 4039650 at *1 (quoting Montoya, 2016 WL 890922 at *2). With regard to

element four, a complaint is insufficient if it merely states that the Commissioner was wrong in denying a plaintiff benefits. See id.; see also Hoagland, 2012 WL 2521753 at *3 ("Every plaintiff appealing an adverse decision of the Commissioner believes that the Commissioner was wrong. The purpose of the complaint is to briefly and plainly allege facts supporting the legal conclusion that the Commissioner's decision was wrong."). Instead, the "complaint . . . must set forth a brief statement of facts setting forth the reasons why the Commissioner's decision was wrong." Id. at *2.

Plaintiff's Second Amended Complaint fails to fix the problems identified by the Court in its prior orders and creates a new problem by omitting information provided in prior complaints. See ECF Nos. 1, 5, 7, 8. In his motion for appointment of counsel, Plaintiff indicates that he does not understand what information must be included in the complaint. ECF No. 11 at 3. To assist Plaintiff, all of the following information **must be included** in the Third Amended Complaint:

1.  Plaintiff must establish that he has exhausted his administrative remedies and provide the date of the final decision issued by the Administrative Law Judge ("ALJ"). This means that Plaintiff's Third Amended Complaint must state the date he submitted an application to the Social Security Administration for a period of disability, disability insurance benefits, and/or supplemental security income benefits. Plaintiff also must provide the date the ALJ issued a decision denying his claim for benefits and the date the Appeals Council denied his request for review. This information is critical to the Court's evaluation of Plaintiff's Third Amended Complaint and none of Plaintiff's complaints have provided this information.

2.  Plaintiff must provide his full address, including the city and state. This information was provided in Plaintiff's original complaint. See ECF No. 1 at 1; ECF No. 5 at 5.

3.  Plaintiff must state the nature of his disability and when he became disabled. All of Plaintiff's complaints have provided this information. See ECF No. 1 at 2 (Plaintiff advised the Court that he became disabled on August 3, 2018 and that he has impairments which include "radio sensory neuropathy in [his] left arm and back spasms in [his] center and right side of [his] back."); see also ECF No. 5 at 5; ECF No. 7 at 2; ECF No. 9 at 2.

4.  Plaintiff must provide a statement identifying his disagreement with the determination made by the Social Security Administration and why he is entitled to relief. Plaintiff provided this information in his original complaint. See ECF No. 1 at 2 (Plaintiff advised the Court that "[he] was denied by the SSA" because "some random Lady (not a medical professional) over a telephonic court hearing call" stated that he could "work using both [his] arms or just one" and that he "begged [sic] to differ" because "some days [he] can't left [sic] [his] left arm for a few hours at a time due to the pain [being] so great."); see also ECF No. 5 at 5; ECF No. 7 at 2; ECF No. 9 at 2.

Because Plaintiff's Second Amended Complaint does not provide all of the required information, Plaintiff's Second Amended Complaint is **DISMISSED WITH LEAVE TO AMEND**. If Plaintiff files a Third Amended Complaint, he must provide the information described above.

## MOTION TO APPOINT COUNSEL

There is "no general [constitutional] right to counsel in civil cases." John v. Quality Loan Serv. Corp of Wa., 857 F. App'x 943, 944 (9th Cir. 2021) (citing Turner v. Rogers, 564 U.S. 431, 441 (2011), U.S. v. Sardone, 94 F.3d 1233, 1236 (9th Cir. 1996)); see also Lassiter v. Dept't of Soc. Servs., 452 U.S. 18, 25 (1981) (holding the Constitution provides no right to appointment of counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation).  However, under 28 U.S.C. § 1915(e)(1), courts are granted discretion to appoint counsel for indigent persons under "exceptional circumstances." Agyeman v. Corr. Corp. of Am., 390 F.3d 1101, 1103 (9th Cir. 2004).  A finding of exceptional circumstances demands at least "an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" Id. (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)).  "[N]either of these factors is dispositive and both must be viewed together before reaching a decision." Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991) (quoting Wilborn, 789 F.2d at 1331).

As explained above, Plaintiff successfully established his indigence to obtain IFP status. However, Plaintiff fails to describe any efforts he has taken to obtain counsel. See Alamar, WL 1258846 at *5 ("[A]ppointing counsel to represent Plaintiff would be inappropriate because she

has failed to demonstrate that she made reasonably diligent efforts to obtain counsel"); Bailey v. Lawford, 835 F.Supp. 550, 552 (S.D. Cal. 1993) (An inability to employ counsel "demands that a plaintiff be both financially unable, and unsuccessful in his attempts, to employ counsel…," requiring "that indigent plaintiffs make a reasonably diligent effort to secure counsel as a prerequisite to the court's appointing counsel for them."); Garcia v. Smith, 2012 WL 2499003, at *4 (S.D. Cal. June 27, 2012) ("Merely alleging indigence is insufficient to entitle him to appointed counsel; he must also demonstrate that he made a good faith effort, but was unable, to obtain counsel prior to filing this Motion."). Before requesting appointment of counsel, Plaintiff must make reasonably diligent and good faith efforts to obtain counsel on his own.

Plaintiff's request for counsel also is insufficient because he failed to describe "exceptional circumstances" justifying the appointment of counsel. The "exceptional circumstances" analysis requires "the court to evaluate the likelihood of success on the merits and the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Jones v. State of Cal., 953 F.2d 1387 (9th Cir. 1992) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)).  Here, the Court is unable to determine whether Plaintiff is likely to succeed on the merits because, as explained above, Plaintiff's complaint fails to state facts sufficient to support a claim for relief. See Capers v. United States Justice Dep't, 2017 WL 532292, at *1, n.1 (S.D. Cal. Feb. 7, 2017) (explaining that the court could not assess "any likelihood of success on the merits" where the plaintiff failed to plead "sufficient facts to state a claim for relief."). Plaintiff also has not provided sufficient information to enable the Court to evaluate the complexity of the legal issues. Because the Court dismissed Plaintiff's Second Amended Complaint, and because Plaintiff has not alleged facts justifying the appointment of counsel, Plaintiff's motion for appointment of counsel is **DENIED**.

///
///
///
///
///

# CONCLUSION

For the reasons set forth above, the Court **GRANTS** Plaintiff's IFP Application, **DISMISSES** Plaintiff's Second Amended Complaint with leave to amend, and **DENIES** Plaintiff's motion for appointment of counsel. If Plaintiff elects to file a Third Amended Complaint, he must do so by **March 4, 2022**. The new complaint must be entitled Third Amended Complaint and must contain all of the information identified in this order.

**IT IS SO ORDERED**.

Dated: 2/2/2022

Hon. Barbara L. Major
United States Magistrate Judge