UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON BLOUNT,<br><br>                              Plaintiff,<br><br>v.<br><br>ANDREW SAUL, COMMISSIONER OF SOCIAL SECURITY,<br><br>                              Defendant. | Case No.: 21-cv-0679-BLM<br><br>**ORDER DIRECTING THE UNITED STATES MARSHAL TO SERVE A COPY OF THE AMENDED COMPLAINT AND SETTING ADDITIONAL PROCEDURES**<br><br>[ECF No. 14] |

The instant case was initiated on April 16, 2021 when Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) of the Social Security Act ("Act") seeking judicial review of the administrative decision of the Commissioner of the Social Security Administration ("Defendant" or "Commission"), which denied Plaintiff's application for supplemental security income ("SSI") benefits. ECF No. 1. That same day, Plaintiff filed an Application to Proceed in District Court without Prepaying Fees or Costs. ECF No. 2.

On April 21, 2021, the Court issued an Order Denying Without Prejudice Plaintiff's Application to Proceed in District Court Without Prepaying of Fees or Costs and Dismissing

Complaint with Leave to Amend.  ECF No. 5.  The Court denied Plaintiff's request to proceed *in forma pauperis* ("IFP") because Plaintiff did not establish that he was unable to pay the $400 filing fee.  See Id.  In doing so, the Court identified specific questions that Plaintiff failed to answer and specific information that Plaintiff failed to provide.  Id. at 3.  Similarly, the Court advised Plaintiff that his complaint was dismissed because he failed to satisfy the first of four elements necessary for a complaint to survive a *sua sponte* screening.  Id. at 4-5; see also Skylar v. Saul, 2019 WL 4039650, *1 (S.D. Cal. Aug. 27, 2019).

On November 8, 2021, Plaintiff filed an amended complaint and a second Application to Proceed in District Court without Prepaying Fees or Costs.  See Case No. 21-cv-1889-JLB.  On December 14, 2021, Judge Burkhardt transferred Plaintiff's filings to the original case.  Id. at ECF No. 4.  The Court interpreted those filings as amended pleadings in the original case.  See Case No. 21-cv-0679-BLM at ECF Nos. 6 & 7.  After reviewing the amended application and complaint, the Court found that Plaintiff failed to correct the errors identified by the Court in its April 21, 2021 order.  ECF No. 8.  As a result, the Court denied Plaintiff's amended Application to Proceed in District Court without Prepaying Fees or Costs without prejudice and dismissed Plaintiff's amended complaint with leave to amend.  Id.

On January 28, 2022, Plaintiff filed a Second Amended Complaint and a new Application to Proceed in District Court without Prepaying Fees or Costs.  See ECF Nos. 9 & 10.  Plaintiff also filed a Motion to Appoint Counsel.  ECF No. 11.  After reviewing the amended application and complaint, the Court found that Plaintiff did not correct all of the errors identified in the Court's December 22, 2021 order.  See ECF No. 8.  Accordingly, the Court denied Plaintiff's motion to appoint counsel, granted Plaintiff's amended Application to Proceed in District Court without Prepaying Fees or Costs, and dismissed Plaintiff's Second Amended Complaint with leave to amend.

On March 4, 2022, Plaintiff filed a Third Amended Complaint.  ECF No. 14.  After reviewing the Third Amended Complaint, the Court finds that Plaintiff corrected all of the errors identified in the Court's February 2, 2022 order and that it is sufficient to survive a *sua sponte* screening.  See ECF No. 12.

**SUA SPONTE SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2) and § 1915(a)**

Complaints filed by any person proceeding IFP pursuant to 28 U.S.C. § 1915(a) are subject to a mandatory *sua sponte* screening by the Court. Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000); see also Alamar v. Social Security, 2019 WL1258846, at *3 (S.D. Cal. Mar. 19, 2019). A complaint should be dismissed *sua sponte* if it is (1) "frivolous or malicious;" (2) "fails to state a claim on which relief may be granted;" or (3) "seeks monetary relief against a defendant who is immune from such relief." See 28 U.S.C. § 1915(e)(2); Lopez, 203 F.3d at 1126–27.

To survive, all complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Furthermore, "recitals of elements of a cause of action, supported by mere conclusory statements do not suffice." Id. Instead, the plaintiff must state a claim that is plausible on its face, meaning "the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (2009) (quoting Twombly, 550 U.S. at 556, 570)). "When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679. Social security appeals are not exempt from the general screening requirements for IFP cases proceeding under § 1915(e). Montoya v. Colvin, 2016 WL 890922, at *2 (D. Nev. Mar. 8, 2016) (citing Hoagland v. Astrue, 2012 WL 2521753, *1 (E.D. Cal. June 28, 2012)).

In the context of a social security appeal, courts within the Ninth District have established four elements necessary for a complaint to survive a *sua sponte* screening:

> First, the plaintiff must establish that she has exhausted her administrative remedies pursuant to 42 U.S.C. § 405(g), and that the civil action was commenced within sixty days after notice of a final decision. Second, the complaint must indicate the judicial district in which the plaintiff resides. Third, the complaint must

> state the nature of the plaintiff's disability and when the plaintiff claims she became
> disabled. Fourth, the complaint must contain a plain, short, and concise statement
> identifying the nature of the plaintiff's disagreement with the determination made
> by the Social Security Administration and show that the plaintiff is entitled to relief.

Skylar, 2019 WL 4039650 at *1 (quoting Montoya, 2016 WL 890922 at *2). With regard to element four, a complaint is insufficient if it merely states that the Commissioner was wrong in denying a plaintiff benefits. See id.; see also Hoagland, 2012 WL 2521753 at *3 ("Every plaintiff appealing an adverse decision of the Commissioner believes that the Commissioner was wrong. The purpose of the complaint is to briefly and plainly allege facts supporting the legal conclusion that the Commissioner's decision was wrong."). Instead, the "complaint . . . must set forth a brief statement of facts setting forth the reasons why the Commissioner's decision was wrong." Id. at *2.

After reviewing the Third Amended Complaint, the Court finds that Plaintiff has adequately alleged facts to survive a *sua sponte* screening. Plaintiff states that he exhausted his administrative remedies pursuant to 42 U.S.C. § 405(g) and that this civil action was commenced within sixty days after notice of a final decision from the Commission. Plaintiff states that he filed his application for supplemental security income on August 6, 2019 [ECF No. 14 at 3] and that on January 12, 2021, the Appeals Council denied Plaintiff's request for review, thereby exhausting all of Plaintiff's administrative remedies. Id. at 2. Sixty days after January 12, 2021 is March 13, 2021, but Plaintiff did not file his initial complaint [ECF No. 1] until April 16, 2021—one month after the sixty day deadline. However, Plaintiff advises the Court that he received a letter from the Appeals Council on March 12, 2021 extending his deadline to file an appeal by thirty-five days from the receipt of the letter. ECF No. 14 at 2. Thirty-five days after March 12, 2021 is April 16, 2021. Plaintiff also states that he resides within the jurisdictional boundaries of this Court in San Diego, CA. ECF No. 14 at 1. Further, Plaintiff sufficiently states the nature of his disability and the date he became disabled. Plaintiff advises the Court that he became disabled on August 3, 2018 and suffers from "injuries as a result of [a] knife stabbing which caused neurological permanent injury, pain, reduced ability to use his left hand and arm

and resulting impairments", including "radio sensory neuropathy in the left arm and back spasms in the center and right side of the back." Id. at 3. Finally, Plaintiff includes a plain, short, and concise statement identifying the nature of his disagreement with the determination made by the Social Security Administration that shows that Plaintiff is entitled to relief. Plaintiff advises the Court that, "the ALJ made credibility decisions affecting the outcome without having an opportunity to gage [sic] and evaluate [Plaintiff's] demeanor." Id. at 4. Additionally, Plaintiff states that "the Administrative Law Judge failed to fully develop the record and consider the aggregate impact of all of [Plaintiff's] conditions in reaching his decision." Id. Lastly, Plaintiff states that "the ALJ did not fully evaluate whether such [past relevant work] could be performed with the intensity, pace and consistency required by the employers in the work force." Id.

In light of the Court's ruling:

1. The United States Marshal shall serve a copy of the Amended Complaint filed on March 4, 2022 [ECF No. 14] and an accompanying summons upon Defendant as directed by Plaintiff on U.S. Marshal Form 285. All costs of service shall be advanced by the United States.

2. Plaintiff shall serve upon Defendant, or, if appearance has been entered by counsel, upon Defendant's counsel, a copy of every further pleading or document submitted for consideration of the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the manner in which a true and correct copy of any document was served on Defendant or Defendant's counsel and the date of service. Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a Certificate of Service will be disregarded.

**IT IS SO ORDERED**.

Dated: 3/9/2022

Hon. Barbara L. Major
United States Magistrate Judge