1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT

9          SOUTHERN DISTRICT OF CALIFORNIA

10

11  JASON BLOUNT,                              Case No.:  21cv679-BLM

12                              Plaintiff,     **ORDER GRANTING PLAINTIFF'S MERITS BRIEF**

13  v.

14  KILOLO KIJAKAZI, Acting Commissioner of    **[ECF NO. 36]**
    Social Security,
15

16                              Defendant.

17         Plaintiff, who is proceeding pro se, brought this action for judicial review of the Social

18  Security Commissioner's ("Defendant") "erroneous ruling affecting his monthly entitlement to

19  Supplemental Security Insurance Disability Benefits pursuant to 42 USC 1383(c)."  ECF No. 14.

20  Before the Court are Plaintiff's Merits Brief [ECF No. 36] and Defendant's Response in Opposition

21  to Plaintiff's Merits Brief [ECF No. 38].  Plaintiff did not file a Reply.  See Docket.  After careful

22  consideration of the pleadings and supporting documents, the Court **GRANTS** Plaintiff's Merits

23  Brief and **REMANDS** for further proceedings consistent with this order.

24                        **PROCEDURAL BACKGROUND**

25         On August 26, 2019, Plaintiff filed a Title II application for a period of disability and

26  disability insurance benefits alleging disability beginning on August 3, 2018.  Administrative

27  Record ("AR") at 151-160.  The claims were initially denied on September 26, 2019, and upon

28  reconsideration on January 9, 2020.  Id. at 80-84, 89-83.  Plaintiff requested an administrative

                                          1

1  hearing on February 10, 2020.  Id. at 94-97.

2  On July 13, 2020, a telephonic hearing was held before Administrative Law Judge ("ALJ")

3  William K. Mueller.  Id. 31-57.  Plaintiff and an impartial vocational expert ("VE"), Nelly K. Katsell,

4  testified at the hearing.  Id. at 32.  In a written decision dated July 22, 2020, ALJ Mueller

5  determined that Plaintiff was not disabled under the Social Security Act.  Id. at 26.  On

6  September 1, 2020, Plaintiff requested review by the Appeals Council.  Id. at 148-150.  The

7  Appeals Council denied review of the ALJ's ruling, and on January 12, 2021, the ALJ decision

8  became the final decision of the Defendant. Id. at 1-2.

9  On April 16, 2021, Plaintiff filed the instant action seeking judicial review of the denial of

10  his application for Social Security Disability Insurance Benefits for lack of disability.  ECF No. 1.

11  The Court dismissed Plaintiff's complaint with leave to amend on April 21, 2021.  ECF No. 5.  On

12  December 14, 2021, Plaintiff filed his first amended complaint.  ECF No. 7.  The Court dismissed

13  Plaintiff's first amended complaint with leave to amend on December 22, 2021.  ECF No. 8.

14  Plaintiff filed a second amended complaint on January 28, 2022 [ECF No. 9], which the Court

15  dismissed with leave to amend on February 2, 2022.  ECF No. 12.  On March 7, 2022, Plaintiff

16  filed his third amended complaint [ECF No. 14], which the Court determined survived *sua sponte*

17  screening and directed the United States Marshal to effectuate service.  ECF No. 16.

18  ## ALJ'S DECISION

19  At step one of the sequential review, the ALJ determined that Plaintiff had not engaged

20  in substantial gainful activity during the relevant time period.  AR at 21.  At step two, he

21  determined that Plaintiff "ha[d] the following severe impairments: carpal tunnel syndrome,

22  major joint dysfunction, and peripheral neuropathy (20 CFR 416.920(c))."  Id.  At step three,

23  the ALJ found that Plaintiff's medically determinable impairments or combination of impairments

24  did not meet or medically equal the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix

25  1 (20 C.F.R. 416.920(d), 416.925, and 416.926).  Id. at 23.  At step four, the ALJ considered

26  Plaintiff's severe impairments and determined that his residual functional capacity ("RFC")

27  permitted him

28  to perform medium work as defined in 20 CFR 416.967(c)[.] Specifically, the

1
2
3
4

[plaintiff] is able to lift and carry up to 50 pounds occasionally, and 25 pounds frequently.  The [plaintiff] is able to sit up to 6 hours in an 8-hour workday.  The [plaintiff] is able to stand or walk up to 6 hours in an 8-hour workday.  Regarding positional tasks the [plaintiff] is able to climb ropes, ladders or scaffolds frequently but not continuously.  Moreover, with his left upper extremity he is able to reach, handle and finger frequently but not continuously.

5
6
7
8
9
10
11

Id.  The ALJ found that while Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; . . . [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record."   AR at 24.  The ALJ concluded that Plaintiff was not disabled as he could perform his past relevant work (other than Stocker) and other work that exists in significant numbers in the national economy given his age, education, work experience, and RFC.  Id. at 25, 26.

12

## **STANDARD OF REVIEW**

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Section 405(g) of the Social Security Act permits unsuccessful applicants to seek judicial review of the Commissioner's final decision.  42 U.S.C. § 405(g).  The scope of judicial review is limited in that a denial of benefits will not be disturbed if it is supported by substantial evidence and contains no legal error.  Id.; see also Miner v. Berryhill, 722 Fed.Appx. 632, 633 (9th Cir. 2018) (We review the district court's decision de novo, disturbing the denial of benefit only if the decision "contains legal error or is not support by substantial evidence." (quoting Tommasetti v. Astrue, 522 F.3d 1035, 1038 (9th Cir. 2008)).  Substantial evidence is "more than a mere scintilla but may be less than a preponderance."  Ahearn v. Saul, 988 F.3d 1111, 1115 (9th Cir. 2011) (quoting Molina v. Astrue, 674 F.3d 1104, 1110–11 (9th Cir. 2012) (quotation marks and citation omitted), *superseded by regulation on other grounds*).  It is relevant evidence that a reasonable person might accept as adequate to support a conclusion after considering the entire record.  Ahearn, 988 F.3d at 1115; see also Biestek v. Berryhill, 139 S.Ct. 1148, 1154 (2019); Mar for Mar v. Saul, 838 Fed.Appx. 290, 291 (9th Cir. 2021) (holding that substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." (citation omitted)).  "In determining whether the Commissioner's findings are

21cv679-BLM

1 | supported by substantial evidence, [the court] must review the administrative record as a whole,

2 | weighing both the evidence that supports and the evidence that detracts from the [ALJ's]

3 | conclusion." Laursen v. Barnhard, 127 Fed.Appx. 311, 312 (9th Cir. 2005) (quoting Reddick v.

4 | Chater, 157 F.3d 715, 720 (9th Cir. 1998)). Where the evidence can reasonably be construed

5 | to support more than one rational interpretation, the court must uphold the ALJ's decision. See

6 | Ahearn, 988 F.3d at 1115–16 (citing Mayes v. Massanari, 276 F.3d 453, 459 (9th Cir. 2001)).

7 | This includes deferring to the ALJ's credibility determination and resolution of evidentiary

8 | conflicts. See Ahearn, 988 F.3d at 1115 ("[t]he ALJ is responsible for determining credibility

9 | resolving conflicts in medical testimony, and for resolving ambiguities," and "we reverse only if

10 | the ALJ's decision was not supported by substantial evidence in the record as a whole") (quoting

11 | Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995)).

12 |      Even if the reviewing court finds that substantial evidence supports the ALJ's conclusions,

13 | the court must set aside the decision if the ALJ failed to apply the proper legal standard in

14 | weighing the evidence and reaching his or her decision. See Miner, 722 Fed.Appx. at 633.

15 | Section 405(g) permits a court to enter judgment affirming, modifying, or reversing the

16 | Commissioner's decision. 42 U.S.C. § 405(g). The reviewing court also may remand the matter

17 | to the Social Security Administration for further proceedings. Id.

18 | **DISCUSSION**

19 | A.  Plaintiff's Subjective Complaints

20 |      Plaintiff's first argument is that the ALJ failed to provide clear and convincing reasons to

21 | discount his subjective pain and symptom testimony. ECF No. 36 at 6. Plaintiff argues that

22 | there is no evidence that his babysitting or can collecting activities include skills that are

23 | transferable to the work setting. Id. at 7-8. Plaintiff further argues that there is insufficient

24 | evidence in the record regarding the scope and extent of his daily activities, including his

25 | babysitting and can collecting, to support the ALJ's adverse credibility determination. Id.

26 |      Defendant contends that the ALJ properly discounted Plaintiff's subjective complaints

27 | because they were inconsistent with his activity level. ECF No. 38 at 1. In addition, Defendant

28 |

asserts that the ALJ adequately rejected Plaintiff's testimony because it was inconsistent with the objective medical evidence.  Id. at 3.

### 1. Plaintiff's Testimony

At the July 13, 2020 hearing, Plaintiff, who appeared without counsel, testified that he had been collecting cans for approximately five months and collected cans two to three hours a week.  AR at 43.  Plaintiff explained that he asks family and friends to save their recyclables and he collects them when he can, either by driving to retrieve the cans or having his niece drop them at his home.  Id. Plaintiff testified that he babysits his five-year-old daughter when her mother is at work but provided no further explanation.  Id. at 44.  Plaintiff also testified that he attended college but dropped out in 2016, after he was in a car accident that injured his left arm.  Id.  Plaintiff stated that he has nerve damage that started on August 3, 2018 but does not provide details regarding that damage.  Id. at 45.  Plaintiff stated that he experiences daily arm pain and random back pain.  Id.  Plaintiff further stated that he lost most of the strength in his left arm and experiences constant numbness and tingling but can still move his fingers.  Id. at 45-46.  Plaintiff also testified that the pain and numbness prevent him from "really us[ing] his left arm as [he] used to be able to[.]" Id. at 46.  When the ALJ asked Plaintiff whether he has "any use of [his left arm] at all[,]" Plaintiff testified:

> [W]hen I pick stuff up with my right arm, I can still tuck my arm . . . with my elbow into my side.  I'm still not able to carry stuff [] just kind of put all the weight mostly on my right arm.  If I get like, too much usage it makes it hurt worse and, like, all days it's hot or cold, hot or cold.  And so, the more I use it [] the worse it gets and the pain . . . medication that [the doctors] prescribe, it just doesn't work.

Id. at 46.

Plaintiff also indicated that he was unable to return to driving a forklift because he could not control the forklift due to the vibration.  Id. at 47.  Plaintiff stated that he knows how to write computer code, but the limited use of, and pain in, his left arm prevents him from being employed.  Id. at 48.  When asked if he was right-handed, Plaintiff responded that he "use[s] my right hand" and when asked if he writes with his right hand, replied "I write with my left hand and my right hand now."  Id. at 49.

//

21cv679-BLM

2.  <u>Relevant Law</u>

The Ninth Circuit has established a two-part test for evaluating a claimant's subjective symptom testimony. <u>See</u> <u>Zuniga v. Saul</u>, 801 Fed.Appx. 465, 466 (9th Cir. 2019) (citing <u>Vasquez v. Astrue</u>, 572 F.3d 586, 591 (9th Cir. 2009)). First, the ALJ "must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." <u>Id</u>. (quoting <u>Lingenfelter v. Astrue</u>, 504 F.3d 1028, 1036 (9th Cir. 2007)). The claimant need not prove that the impairment reasonably could be expected to produce the alleged degree of pain or other symptoms; the claimant need only prove that the impairment reasonably could be expected to produce some degree of pain or other symptom. <u>See</u> <u>Garrison v. Colvin</u>, 759 F.3d 995, 1014 (9th Cir. 2014) (quoting <u>Smolen v. Chater</u>, 80 F.3d 1273, 1282 (9th Cir. 1996)). If the claimant satisfies the first element "and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of her symptoms if she gives 'specific, clear and convincing reasons' for the rejection." <u>Zuniga</u>, 801 Fed.Appx. at 466 (quoting <u>Lingenfelter</u>, 504 F.3d at 1036). "General findings are insufficient, rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." <u>Roberts v. Saul</u>, 829 Fed.Appx. 757, 760 (9th Cir. 2020) (quoting <u>Lester v. Chater</u>, 81 F.3d 821, 834 (9th Cir. 1995) *superseded by regulation on other grounds*). The ALJ's findings must be "sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit [Plaintiff's] testimony." <u>Werlein v. Berryhill</u>, 725 Fed.Appx. 534, 535 (9th Cir. 2018) (quoting <u>Tommasetti</u>, 533 F.3d at 1039 (quoting <u>Thomas v. Barnhart</u>, 278 F.3d 947, 958 (9th Cir. 2002)).

When weighing the claimant's testimony, "an ALJ may consider . . . reputation for truthfulness, inconsistencies in testimony or between testimony and conduct, daily activities, and unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment." <u>Orn v. Astrue</u>, 495 F.3d 625, 636 (9th Cir. 2007) (internal quotation marks and citation omitted). An ALJ also may consider the claimant's work record and testimony from doctors and third parties regarding the "nature, severity, and effect of the symptoms" of which the claimant complains. <u>Lenhart v. Astrue</u>, 252 Fed.Appx. 787, 788 (9th Cir. 2007) (quoting <u>Light</u>

6

1    v. Soc. Sec. Admin., 119 F.3d 789, 792 (9th Cir. 1997)); see also 20 C.F.R. § 404.1529(c).  If

2    the ALJ's finding is supported by substantial evidence, the court may not second-guess his or

3    her decision.  See Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1162-63 (9th Cir.

4    2008) (where the ALJ's credibility assessment is supported by substantial evidence, it will not

5    be disturbed even where some of the reasons for discrediting a claimant's testimony were

6    improper).

7        As an initial matter, neither party contests the ALJ's determination that Plaintiff has the

8    following severe impairments: "carpal tunnel syndrome, major joint dysfunction, and peripheral

9    neuropathy (20 CFR 416.920(c))."  AR at 21.  Because the ALJ determined that Plaintiff's

10   "medically determinable impairments could reasonably be expected to cause the alleged

11   symptoms"—a finding that is not contested by either party—the first prong of the ALJ's inquiry

12   regarding the Plaintiff's subjective symptoms is satisfied.  Id. at 24; see Lingenfelter, 504 F.3d

13   at 1036; ECF Nos. 36 & 38.  Furthermore, neither party alleges that the ALJ found that Plaintiff

14   was malingering.  See ECF Nos. 36 & 38. As a result, the Court must determine whether the ALJ

15   provided clear and convincing reasons for discounting Plaintiff's subjective claims regarding his

16   symptoms.  See Lingenfelter, 504 F.3d at 1036.

17       The ALJ identified two reasons for discounting Plaintiff's subjective complaints: (1)

18   Plaintiff's claims were inconsistent with the objective medical evidence, and (2) Plaintiff's claims

19   were inconsistent with Plaintiff's activities of daily living, including collecting cans for money and

20   taking care of his five-year-old daughter.  AR at 24.   The Court will consider each reason

21   individually.

22       3.  Objective Medical Evidence

23       Plaintiff argues that the objective medical evidence was not sufficient to discredit his

24   testimony regarding the "intensity, duration, and aggravation with activity."  ECF No. 36 at 8

25   n1.

26       Defendant asserts that the ALJ's reference to numerous normal exam findings in the

27   medical record supports his conclusion that Plaintiff's pain testimony was not as severe as

28   alleged.  ECF No. 38 at 2.

Plaintiff testified that he is unable to use his left arm due to daily pain, lack of strength, and constant numbness and tingling.  AR at 45-46.  Plaintiff also testified that he experienced intermittent back pain and that the pain medicine doesn't help.  Id. at 46.  The ALJ stated that "[Plaintiff's] statements concerning the intensity, persistence and limiting effects of [his] symptoms were not entirely consistent with the medical evidence and other evidence in the record explained in this decision."  Id. at 24.  To support his conclusion, the ALJ identified several medical records that undermined Plaintiff's claims regarding his pain and limitations.   For example, the ALJ highlighted Plaintiff's EMG/NCV testing with Dr. Amirhassan Bhreman, which revealed "mild bilateral median neuropathy at the wrists (carpal tunnel syndrome and mild bilateral sensory slowing suggestive of probable underlying neuropathy[)]" and that Plaintiff's remaining nerves were within normal limits and the examined muscles showed no electrical instability. Id. at 21-22 (citing Exhibit 2F at 2).  The ALJ also noted that Plaintiff was only recommended topical cream, which constitutes conservative treatment for carpal tunnel syndrome.  Id. (citing Exhibit 2F at 2).  The ALJ also referenced Plaintiff's El Cajon Family Health Center record which provided an assessment of "idiopathic peripheral neuropathy with a finding of 'numbness.'"  Id.  (citing Exhibit4F at 4).  The ALJ pointed to that fact that Plaintiff had intact left forearm and hand movement, as well as 5/5 left grip strength and "intact crude touch sensation of the left arm and hand."  Id. (citing Exhibit 4F at 4).  While the ALJ does not clearly identify which of Plaintiff's claims the objective medical evidence undermines and there is evidence both supporting and contradicting the ALJ's conclusion, for purposes of this analysis, the Court finds that the ALJ's conclusion regarding the inconsistency between the objective medical evidence and Plaintiff's pain and limitation testimony is not unreasonable and is supported by substantial evidence.  See Batson v. Comm'r, Soc. Sec. Admin., 359 F.3d 1190, 1198 (9th Cir. 2004) (quoting Andrews, 53 F.3d at 1041) ("When the evidence before the ALJ is subject to more than one rational interpretation, [the Court] must defer to the ALJ's conclusion.")

However, inconsistencies with the objective medical evidence cannot be the sole reason provided by an ALJ for rejecting or discounting a plaintiff's credibility.  Ragudo v. Saul, 411

21cv679-BLM

F.Supp.3d 1125, 1136 (S.D. Cal. Sep. 30, 2019) (citing <u>Burch v. Barnhart</u>, 400 F.3d 676, 680 (9th Cir. 2005) and <u>Light</u>, 119 F.3d at 782).  "[T]he Ninth Circuit has repeatedly emphasized that, 'in evaluating the credibility of ... testimony after a claimant produces objective medical evidence of an underlying impairment, an ALJ may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of [the impairment].'" <u>Ondracek v. Comm'r of Soc. Sec.</u>, 2017 WL 714374, at *8 (E.D. Cal. Feb. 22, 2017) (quoting <u>Burch</u>, 400 F.3d at 680); <u>see</u> <u>also</u> <u>Rollins v. Massanari</u>, 261 F.3d 853, 857 (9th Cir. 2001) (a claimant's testimony "cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence"); <u>Burch</u>, 400 F.3d at 680 ("an ALJ may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain"); <u>Light</u>, 119 F.3d at 792 ("[A] finding that the claimant lacks credibility cannot be premised wholly on a lack of medical support for the severity of his pain"); Social Security Ruling ("SSR") 16–3p (S.S.A. Oct. 25, 2017) (stating that SSA adjudicators should "not disregard an individual's statements about the intensity, persistence, and limiting effects of symptoms solely because the objective medical evidence does not substantiate the degree of impairment-related symptoms alleged by the individual").  However, "when coupled with other permissible reasons, inconsistencies between a claimant's allegations and objective medical evidence may be used to discount a claimant's testimony." <u>Cambria R. v. Comm'r Soc. Sec. Admin</u>, 2022 WL 4329416, at *4 (D. Or., Sept. 19, 2022)) (citing <u>Adaline S.G. v. Comm'r Soc. Sec. Admin.</u>, 2021 WL 5316987, at *3 (D. Or. Nov. 15, 2021); <u>Tatyana K. v. Berryhill</u>, 2019 WL 464965, at *4 (D. Or. Feb. 6, 2019) (citing <u>Batson</u>, 359 F.3d at 1197-98 (9th Cir. 2004)); <u>see also</u> <u>Kittridge v. Kijakazi</u>, 2022 WL 2965961, at *1 (9th Cir., July 27, 2022) ("[w]hile subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects.") (quoting <u>Rollins</u>, 261 F.3d at 857).  Accordingly, the ALJ needed to provide another clear and convincing reason to discount Plaintiff's subjective pain and limitation testimony.

//

1

2       4.  Activities of Daily Living

3          The second reason the ALJ provided for discounting Plaintiff's subjective symptom

4   testimony was his ability "to collect cans, do activities of daily living and take care of his now 5-

5   year-old daughter.  Moreover, he testified that he is right handed [sic] and his injury is on the

6   left."  AR at 24.

7          Plaintiff argues that the record lacks details regarding his actual daily activities and that

8   the "limited daily activities" in which he engages "do not support a negative credibility

9   determination."  ECF No. 36 at 7-8.  Plaintiff further argues that there is no evidence to

10  demonstrate how his activities translate to transferable work.[1]  Id. at 8.

11         Defendant contends that the ALJ properly discounted Plaintiff's subjective complaints

12  based upon Plaintiff's babysitting and can collecting activities.  ECF No. 38 at 2-3.  Defendant

13  relies on Rollins, 261 F.3d at 859, to support his argument.  ECF No. 38 at 2-3.

14         In evaluating a plaintiff's credibility, an ALJ may consider whether a plaintiff's daily

15  activities are consistent with the asserted symptoms.  See Thomas, 278 F.3d at 958–59 (quoting

16  Light, 119 F.3d at 792).  While the fact that a plaintiff can participate in various daily activities

17  does not necessarily detract from the plaintiff's credibility as to her specific limitations or overall

18  disability, "a negative inference is permissible where the activities contradict the other testimony

19  of the claimant, or where the activities are of a nature and extent to reflect transferable work

20  skills."  Elizondo, 2010 WL 3432261, at *5.  Evidence of daily activities can be used to contradict

21  the claimant's testimony or to establish transferable work skills.  Steele v. Berryhill, 2018 WL

22  2718033, at *3 (S.D. Cal., June 6, 2018); Orn, 495 F.3d at 639.

23         Here, The ALJ is using Plaintiff's daily activities to contradict his symptom testimony.  See

24  AR at 24 (explaining that Plaintiff's statements are inconsistent with his activities of daily living).

25  "Engaging in daily activities that are incompatible with the severity of symptoms alleged can

26  _____

27  [1] As discussed elsewhere, the ALJ did not base his non-disability determination or the adverse
    credibility determination on the ground that Plaintiff's daily activities met the threshold for
28  transferable work.

10

21cv679-BLM

support an adverse credibility determination." <u>Stephanie M. v. Saul</u>, 2022 WL 1037112, at *19 (S.D. Cal. Apr. 6, 2022), <u>report and recommendation adopted sub nom.</u> <u>Stephanie M v. Kijakazi</u>, 2022 WL 1214708 (S.D. Cal. Apr. 25, 2022) (citing <u>Ghanim v. Colvin</u>, 763 F.3d 1154, 1165 (9th Cir. 2014)).  "Daily activities support an adverse credibility finding if a claimant is able to spend a substantial part of her day engaged in pursuits involving the performance of physical functions or skills that are transferable to a work setting." <u>Elizondo</u>, 2010 WL 3432261, at *5 (citing <u>Orn</u>, 495 F.3d at 639; <u>Morgan v. Comm'r of Soc. Sec. Admin.</u>, 169 F.3d 595, 600 (9th Cir.1999); <u>Thomas</u>, 278 F.3d at 959). "A claimant's performance of chores such as preparing meals, cleaning house, doing laundry, shopping, occasional childcare, and interacting with others has been considered sufficient to support an adverse credibility finding when performed for a substantial portion of the day."  <u>Id.</u> at *5 (citing <u>Stubbs-Danielson v. Astrue</u>, 539 F.3d 1169, 1175 (9th Cir. 2008); <u>Burch</u>, 400 F.3d at 680–81; <u>Thomas</u>, 278 F.3d at 959; <u>Morgan</u>, 169 F.3d at 600; <u>Curry v. Sullivan</u>, 925 F.2d 1127, 1130 (9th Cir. 1990)).

Here, the ALJ stated that Plaintiff's "statements about intensity, persistence, and limiting effects of his symptoms [] are inconsistent because he is able to collect cans, do activities of daily living and take care of his five-year-old daughter." AR at 24.  The ALJ did not provide any explanation or analysis; he just set forth this conclusory statement.  <u>Id.</u>  The ALJ did not identify the specific subjective symptom testimony that these activities undermine nor explain how the ability to perform the activities contradict the specific testimony.  This constitutes legal error. <u>See</u> <u>Roberts</u>, 829 Fed.Appx. at 760 (finding that the ALJ must "identify what testimony is not credible and what evidence undermines the claimant's complaints"); <u>see also</u> <u>Stephanie M. v. Saul</u>, 2022 WL 1037112 at *12 ("The ALJ is 'required to point to specific facts in the record'") (quoting <u>Burrell v. Colvin</u>, 775 F.3d 1133, 1138 (9th Cir. 2014)).

The record also does not provide substantial evidence supporting the ALJ's conclusion. While Plaintiff testified that he babysits his daughter while her mother is at work [AR at 44], the record is silent as to how long or how often the mother works and what activities Plaintiff performs while babysitting.  For example, the record does not state whether Plaintiff watches the child every day, one day per week, or one day per month.  It also does not state whether

Plaintiff's babysitting activities involve cooking, cleaning, taking the child to the park, driving her to activities, etc. or merely sitting with the child watching television.  Similarly, Plaintiff testified that he collects cans 2-3 hours per week and that his can collecting activities merely involve him driving to his friends' and family's homes to pick up the cans they saved for him or waiting at his home for his niece to drop off the cans she had picked up from others.  AR at 43.  The ALJ does not address the specific facts of these activities or explain which part of these infrequent activities undermine Plaintiff's subjective symptom testimony.  AR at 24.

Defendant's reliance on Rollins is misplaced.  In Rollins, the Ninth Circuit found that the ALJ provided "sufficient specific reasons for not fully crediting [plaintiff's] pain testimony" because plaintiff's testimony undermined her subjective complaints.  261 F.3d at 857.  There, the plaintiff testified that she tended to the needs of her children, cooked, cleaned, did laundry, shopped, and attended therapy.  Id.  In addition, the plaintiff's daily activities questionnaire noted that she performed these tasks from early morning until 10:00 p.m.  Id.  The Ninth Circuit determined that that the ALJ's interpretation of the plaintiff's testimony was reasonable and supported by substantial evidence despite the plaintiff's testimony being "somewhat equivocal about how regularly she able to keep all of these activities[.]" Id.  In contrast, here, Plaintiff did not complete a daily activities questionnaire, the record is silent as to the scope of Plaintiff's duties when he babysits his daughter, and the record does not fully support the ALJ's statement regarding Plaintiff's can collecting activity since he only performs this activity two to three hours per week.  As a result, the Court finds that there is not substantial evidence supporting the ALJ's statements regarding Plaintiff's daily activities and his conclusion that the activities undermine Plaintiff's subjective symptom testimony.

The ALJ's remaining statements regarding Plaintiff's daily activities was that Plaintiff "testified that he is right handed [sic] and his injury is on the left.  He also testified that he went to college to learn how to write code."  AR at 24.  The first statement is not accurate and not supported by substantial evidence as Plaintiff actually testified in response to the ALJ's question as to whether he is right-handed, "Yes, I use my right hand."  When the ALJ rephrased the question and asked if he writes with his right hand, Plaintiff responded, "I write with my left

1  hand and my right hand now, yes, sir." AR at 49. The ALJ did not ask any follow up questions

2  and did not address the discrepancy or explain how the testimony undercut Plaintiff's other

3  statements or subjective symptom testimony. AR at 24. Similarly, the ALJ failed to identify

4  which claim the second sentence undercut and explain why it negatively impacted Plaintiff's

5  credibility. Id.

6        In summary, there is insufficient evidence in the record to establish the scope of Plaintiff's

7  daily activities, the ALJ failed to identify which activities undercut which subjective symptom

8  testimony, and there is not substantial evidence supporting the ALJ's conclusion. As such, the

9  Court finds that the ALJ erred in his analysis and that there is not substantial evidence in the

10  record to support his conclusion. Because the Court finds that the ALJ's reliance on activities of

11  daily living was legally insufficient to support the adverse credibility finding and the finding

12  cannot be based solely on inconsistency with the objective medical evidence, the Court finds

13  that the ALJ has not set forth clear and convincing reasons to reject or discount Plaintiff's

14  subjective testimony.

15        5. Harmless Error

16        Having found that the ALJ committed legal error, the Court must determine whether the

17  error was harmless. Harmless error occurs if the error is inconsequential to the ultimate

18  nondisability determination. See Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006);

19  see also Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1055-56 (9th Cir. 2006). Errors that

20  do not affect the ultimate result are harmless. See Parra v. Astrue, 481 F.3d 742, 747 (9th Cir.

21  2007). An ALJ's error may be deemed harmless if, in light of the other reasons supporting the

22  overall finding, it can be concluded that the error did not "affect[ ] the ALJ's conclusion." Batson,

23  359 F.3d at 1197. In a recent case involving the failure of an ALJ to identify the specific

24  statements she discredited, the Ninth Circuit found the error was not harmless. Brown-Hunter

25  v. Colvin, 806 F.3d 487, 489 (9th Cir. 2015). The Ninth Circuit explained that an ALJ does not

26  provide specific, clear, and convincing reasons for rejecting a claimant's testimony by simply

27  reciting the medical evidence in support of his or her residual functional capacity determination.

28  To ensure that our review of the ALJ's credibility determination is meaningful, and that the

claimant's testimony is not rejected arbitrarily, we require the ALJ to specify which testimony she finds not credible, and then provide clear and convincing reasons, supported by evidence in the record, to support that credibility determination. Id. The court determined that the ALJ committed legal error by finding the plaintiff's testimony not credible while failing to identify which testimony she found not credible and why. Id. The court concluded that the error "was not harmless because it preclude[d] [the court] from conducting a meaningful review of the ALJ's reasoning." Id. The Court makes the same finding in this case. Because the ALJ failed to adequately identify the testimony he found not credible as well as the specific evidence that undermines each statement, the Court cannot conduct a meaningful review of the ALJ's reasoning and, therefore, the error is not harmless. See Brown-Hunter, 806 F.3d at 494 ("We conclude, therefore, that the ALJ committed legal error. This error was not harmless because it precludes us from conducting a meaningful review of the ALJ's reasoning"); see also Holcomb v. Saul, 832 Fed.Appx. 505, 506 (9th Cir. 2020) (noting that the ALJ failed to mention plaintiff's symptom testimony while discussing the medical evidence and finding that "[t]he ALJ's failure to specify the reasons for discrediting Holcomb's symptom testimony was reversible error.").

B.  Duty to Develop the Record

In a related argument, Plaintiff asserts that the ALJ violated his duty to develop the record when he failed to obtain information regarding Plaintiff's daily activities.  ECF No. 36 at 6. Plaintiff explains that the ALJ did not obtain information regarding how his babysitting and can collecting activities actually are performed and did not obtain any information regarding Plaintiff's other daily activities such as where he lives and whether he performs household chores.  Id. at 6-8.

Defendant contends that the ALJ did not have a duty to develop the record further because the record reflects Plaintiff's daily activities and "the activities speak for themselves." ECF No. 38 at 4-5.  In addition, Defendant asserts that "Plaintiff had the opportunity to explain the scope of his daily activities to the ALJ at the hearing."  Id. Defendant fails to provide any law regarding the duty to develop the record or to provide any law supporting Defendant's legal argument.  Id.

21cv679-BLM

Because the Court is remanding for further development and consideration of the record, the Court declines to evaluate Plaintiff's argument that the ALJ failed to develop the record.  See Newton v. Colvin, 2015 WL 1136477, at *6 n.4 (E.D. Cal. Mar. 12, 2015) ("As the matter must be remanded for further consideration of the medical evidence, the court declines to address plaintiff's remaining arguments.).  However, as set forth above, the ALJ failed to obtain any specifics regarding Plaintiff's babysitting activities and Plaintiff's other activities of daily living and failed to obtain and address all of the relevant facts regarding Plaintiff's can collecting activities and Plaintiff's right-handedness.

## REMAND VS. REVERSAL

The decision whether to remand for further proceedings or simply to award benefits is within the discretion of the court.  See Aida I. v. Saul, 2020 WL 434319, at *5 (S.D. Cal., Jan. 28, 2020) (noting that "[t]he law is well established that the decision whether to remand for further proceedings or simply to award benefits is within the discretion of the Court.") (citing Salvador v. Sullivan, 917 F.2d 13, 15 (9th Cir. 1990); McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989); and Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981)).  Remand for further administrative proceedings is appropriate if enhancement of the record would be useful. See Gerde v. Berryhill, 717 Fed.Appx. 674, 677 (9th Cir. 2017) ("[r]emand for further administrative proceedings to consider Dr. Alvord's opinion and the lay witness testimony is the proper remedy because enhancement of the record would be useful.") (citing Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004)).  On the other hand, if the record has been fully developed such that further administrative proceedings would serve no purpose, "the district court should remand for an immediate award of benefits."  Benecke, 379 F.3d at 593.  "More specifically, the district court should credit evidence that was rejected during the administrative process and remand for an immediate award of benefits if (1) the ALJ failed to provide legally sufficient reasons for rejecting the evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited."  Id. (citing Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir. 2000)).  The Ninth Circuit has not definitely stated whether

21cv679-BLM

the "credit-as-true" rule is mandatory or discretionary.  See Vasquez, 572 F.3d at 593 (acknowledging that there is a split of authority in the Circuit, but declining to resolve the conflict); Luna v. Astrue, 623 F.3d 1032, 1035 (9th Cir. 2010) (finding rule is not mandatory where "there are 'outstanding issues that must be resolved before a proper disability determination can be made'" (internal citation omitted)); Shilts v. Astrue, 400 Fed.Appx. 183, 184-85 (9th Cir. 2010) (explaining that "evidence should be credited as true and an action remanded for an immediate award of benefits only if [the Benecke requirements are satisfied]" (internal citation omitted)).  "Even if all three requirements are met, the Court retains flexibility to remand for further proceedings 'when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act.'" Nichols v. Saul, 2019 WL 6252934, at *10 (S.D. Cal., Nov. 22, 2019) (quoting Brown-Hunter, 806 F.3d at 495).  A remand for an immediate award of benefits is appropriate only in rare circumstances. Id.

Here, based on the record before it, the Court concludes that the rare circumstances that may result in a direct award of benefits are not present.  See Leon v. Berryhill, 880 F.3d 1041, 1044 (9th Cir. 2017) ("[a]n automatic award of benefits in a disability benefits case is a rare and prophylactic exception to the well-established ordinary remand rule"); see also Howland v. Saul, 804 Fed.Appx. 467, 471 (9th Cir. 2020) (same).  Instead, the Court finds further administrative proceedings will serve a meaningful purpose by allowing the ALJ to obtain additional relevant information regarding the Plaintiff's daily activities, including his babysitting and can collecting activities, and to consider how that information impacts the Plaintiff's credibility, RFC, and alleged disability.

Therefore, this Court **REVERSES** the ALJ's decision and **REMANDS** for further proceedings to address the errors noted in this order.

**IT IS SO ORDERED.**

Dated: 7/27/2023

Hon. Barbara L. Major
United States Magistrate Judge

21cv679-BLM